IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

WARREN DOUGLAS VANN,            )
                                )
          Petitioner,           )
                                )
v.                              )    Case No. CIV-17-292-RAW
                                )
UNITED STATES OF AMERICA,       )
                                )
          Respondent.           )

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry #1). After the referral of this Motion by presiding United States District Judge Ronald A. White, the undersigned conducted a hearing and received evidence from the parties. Petitioner was personally present and represented by counsel, Rob Williams and Barry Derryberry. The Respondent was represented by Assistant United States Attorneys Linda Epperley and Dean Burris.

On October 19, 2002, Petitioner was convicted after a jury trial of the crimes of (1) Count One - Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153; (2) Count 2 - Possession of a Firearm While in Commission of a Violent Crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j); (3) Count 3 - Possession of a Firearm After Former Conviction of a Felony in violation of 18 U.S.C. §§ 922(g) and 924(a)(2); and (4) Count 4 -

Possession of Ammunition After Former Conviction of a Felony in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  The Judgment entered October 10, 2003 indicated that United States District Judge James H. Payne sentenced Petitioner to Life Imprisonment on Count One and Live Imprisonment on Count Two, the latter Count to be served consecutively to Counts One, Three, and Four. Petitioner was sentenced to 120 months imprisonment on Count Three, 120 months imprisonment on Count Four, with the terms of imprisonment on Counts One, Three, and Four to be served concurrently.

Petitioner directly appealed the convictions to the Tenth Circuit Court of Appeals but the appeal was dismissed by that Court on March 14, 2005.  As a result, Petitioner's conviction became final on May 17, 2005.

On December 15, 2011, Petitioner wrote the Court a letter wherein he noted that his direct appeal had been denied.  He wrote that he had a lawyer to do his § 2255 and "I told him that we only had one year to file my 2255."  Petitioner related that for five years his lawyer told him he was "about done" or "was putting the finishing touches on it."  Four months prior to the dated letter, Petitioner stated that the lawyer told his family that he could not file the § 2255.  Petitioner then requested that the Court

2

appoint counsel for him.  (Case No. CR-02-085-RAW, Docket Entry #95).  The request was denied by this Court.  (Case No. CR-02-085-RAW, Docket Entry #96).

In 2012, Defendant filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida while he was incarcerated in that state.  On July 17, 2015, the Court dismissed the Petition as a "belated claim for relief challenging the sufficiency of the evidence that he committed the offenses in Indian Country."  *Pet. Exh. No. 18.*

On December 27, 2016, Petitioner filed a "Request for Prosecutorial Relief Pursuant to the 'Holloway Doctrine'".  (Case No. CR-02-085-RAW, Docket Entry #97).  On September 17, 2017, the Request was denied.  (Case No. CR-02-085-RAW, Docket Entry #101).

Thereafter, Petitioner, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on July 28, 2017.  The primary basis for the Motion was the alleged ineffective assistance of his trial counsel, Rex Earl Starr, as well as jurisdictional challenges.  On February 12, 2018, Judge Payne denied Petitioner's Motion, finding it was not filed within one year of Petitioner's conviction becoming final as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  He denied Petitioner's Motion to Alter,

Amend, or Reconsider Order on February 26, 2018. Judge Payne also denied a certificate of appealability on April 17, 2018.

Petitioner then appealed the denial to the Tenth Circuit Court of Appeals and filed his appellate brief. The appeal was abated to permit this Court to determine whether a certificate of appealability should issue. This Court denied the certificate. The Government, however, failed to file a response brief in the appeal. As a consequence, on June 21, 2018, the Tenth Circuit granted Petitioner a certificate of appealability and remanded this case to this Court with instructions "to conduct any further proceedings necessary to determine whether Mr. Vann is entitled to equitable tolling." On June 26, 2018, this case was reassigned to United States District Judge Ronald A. White.

Upon remand, Judge White appointed counsel to assist Petitioner in presenting evidence to support his Motion. Thereafter, the matter was referred to the undersigned to conduct an evidentiary hearing on the sole issue of whether the limitations period under the AEDPA was equitably tolled.

At the hearing, Petitioner's mother, Charlotte Grimmett ("Grimmett") testified that Petitioner's trial counsel, Mr. Starr informed her immediately after the trial and verdict that a one year statute of limitation applied to any § 2255 action Petitioner

wanted to file. Grimmett hired Todd Hembree ("Hembree"), who was a family friend and lawyer in August of 2005 to file a § 2255 action. Hembree required a retainer and Grimmett states that she paid him $1,800.00, although she no longer had proof of the payment. Despite hiring Hembree in August of 2005, Grimmett offered receipts into evidence which allegedly demonstrate that Hembree was paid to file a § 2255 motion. The receipts offered are for $500.00 dated August 11, 2004 (*Pet. Exh. No. 1*), $400.00 dated August 27, 2004 (*Pet. Exh. No. 2*), $460.00 dated November 1, 2004 (*Pet. Exh. No. 3*), $300.00 dated December 14, 2004 (*Pet. Exh. No. 4*), $300.00 dated February 9, 2005 (*Pet. Exh. No. 5*), $200.00 dated March 22, 2005 (*Pet. Exh. No. 6*), $300.00 dated April 20, 2005 (*Pet. Exh. No. 7*), $300.00 dated June 22, 2005 (*Pet. Exh. No. 8*), $200.00 dated March 17, 2006 (*Pet. Exh. No. 9*), $200.00 dated June 14, 2006 (*Pet. Exh. No. 10*), $100.00 dated November 6, 2006 (*Pet. Exh. No. 11*), $240.00 dated July 25, 2008 (*Pet. Exh. No. 12*), $200.00 dated July 31, 2009 (*Pet. Exh. No. 13*), $200.00 undated (*Pet. Exh. No. 14*), and $100.00 undated (*Pet. Exh. No. 15*). Some of the receipts have Petitioner's name on them, some do not. Grimmett stated that she wrote "Warren" in the corner of many of the receipts. (Tr. 35).

Hembree also represented other members of Grimmett's family

on various legal matters, including Mack Vann, Adam Vann, and Kenneth Vann. These matters included both criminal and civil proceedings. (Tr. 24-27, 29-31).

Grimmett testified that Hembree told her he had "plenty of time" and "no limit" because he was challenging jurisdiction in the § 2255. (Tr. 53). She stated that she spoke with Hembree 6 or 7 times per month. (Tr. 14).

Grimmett consulted with other attorneys including Jim Crosley and Ralph Keen. (Tr. 15). They all confirmed that Petitioner had one year statute of limitations to initiate a § 2255 action. Id.

On November 18, 2018, Petitioner filed a complaint with the Oklahoma Bar Association on Hembree. (Tr. 58). Grimmett also demanded a refund of the monies paid to Hembree because he did not file a § 2255 as promised. (Tr. 15). Hembree was running for attorney general of the Cherokee Nation and Grimmett threatened to go to the "meeting before they hired him" and tell them what Hembree had done to her son. (Tr. 16). As a result, on January 23, 2012, Hembree refunded $7,000.00 to Grimmett and resigned from further representation of Petitioner. (*Gov't Exh. No. 1*).

Petitioner testified that he was aware of the one year statute of limitations to file a § 2255 motion, informed Hembree of the deadline, and Hembree told him he knew it. (Tr. 53). Hembree

6

told him he was arguing jurisdiction so the one year limit did not apply. (Tr. 54). He contacted Hembree 12-15 times over the years about the § 2255. (Tr. 54-55).

Petitioner did not file a § 2255 after Hembree resigned because he was told by another inmate in Florida that § 2241 was a better bet. (Tr. 67). He waited two additional years to file the § 2255 petition because he was getting documents together. Id. Petitioner thought it more important to file the § 2241 rather than the § 2255 because he "trusted a guy" in prison. (Tr. 78).

The statute of limitations for filing a § 2255 seeking to vacate, set aside, or correct a federal sentence is one year from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

> 28 U.S.C.A. § 2255(f)(West).

Based upon the evidence presented, the latest date from which the one year statute of limitations runs is the date Petitioner's judgment became final or May 17, 2005. Thus, Petitioner's § 2255 motion was required to be filed by May 17, 2006, absent a showing that the deadline should be equitably tolled.

Equitable tolling of the limitations period is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008) quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). It is impossible for this Court to conclude that Petitioner acted diligently to pursue his § 2255 claims. He had been repeatedly informed that he had a one year statute of limitations to file the motion. He claims that Hembree's representations led him to fail to file his motion within the statute of limitations. Petitioner became aware of Hembree's refund of his fees and resignation from further representation at the latest on January 23, 2012, as evidenced by *Gov't Exh. No. 1.* Yet, he failed to file a § 2255 motion until July 28, 2017 – five and one half years later. This delay cannot credibly be found to be diligent.

Moreover, the failure to file was not attributable to extraordinary circumstances beyond Petitioner's control. In a strikingly similar case, the Tenth Circuit did not find extraordinary circumstances when a petitioner

> recognized his § 2255 motion was untimely, but asserted he was entitled to equitable tolling because the attorney he hired to represent him "never filed anything." In a comprehensive order, the district court concluded the allegations set out in Leonard's filings demonstrated, at most, simple negligence on the part of his retained counsel. Relying on binding precedent from this court, the district court further concluded that simple attorney negligence was insufficient to justify equitable tolling. Fleming v. Evans, 481 F.3d 1249, 1255-56 (10th Cir. 2007) (holding that although "egregious attorney misconduct may constitute extraordinary circumstances that justify equitable tolling," "attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures" (quotation omitted)).
>
> United States v. Leonard, 357 Fed. App'x 191, 192 (10th Cir. 2009).

Hembree's inaction in filing the § 2255 within one year – again, a deadline of which Petitioner was well-aware – amounted to, at its worst, an act of professional negligence. Such an act of negligence does not rise to the level of either the "egregious attorney misconduct" contemplated by Fleming nor "extraordinary circumstances" required by the precept of equitable tolling. At the heart of the matter, Petitioner bore the responsibility to

9

insure his interests were adequately protected by filing his §2255 request in a timely fashion when he knew of the deadline by which he was required to do so. Having failed to demonstrate the required elements of equitable tolling, this Court recommends that the § 2255 motion be denied as untimely.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Petitioner failed to make the required showing to warrant equitable tolling of the applicable statute of limitations for filing Petitioner's Motion under 28 U.S.C. § 2255. Accordingly, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry #1) should be **DENIED** and this action **DISMISSED.**

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file objections with supporting brief. The failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

IT IS SO ORDERED this 30th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE